IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID CURTIS BARCLAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-242-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, David Curtis Barclay. For the following reasons, Petitioner's habeas application should be DENIED.

## I. PROCEDURAL HISTORY

Petitioner was indicted by a Potter County, Texas, grand jury under Cause No. 73563-E-CR, for being a felon in possession of a firearm, (ECF[1] 21-6 at 398[2]), and under Cause No. 73243-E-CR, with possession of methamphetamine in an amount of four grams or more but less than two hundred grams. (ECF 21-8 at 529). The latter indictment contained two enhancement paragraphs, the first one referencing Petitioner's conviction of the felony offense of burglary of a habitation in Cause No. 32,584-D in the 320th District Court of Potter County, Texas, on September 9, 2016, and the second referencing his conviction of the felony offense of indecency with a child in Cause No. 37,649-E in the 108th District Court of Potter County, Texas on November 19, 1997. (*Id.*).

---

[1] The "ECF __" reference is to the number of the item on the docket in this civil action.

[2] The reference is to the page identification number ("PageID") reflected at the top right corner of the document.

Petitioner and his counsel signed a number of admonishments in each case and Petitioner signed judicial confessions in each case. (ECF 21-6 at 365–71; ECF 21-8 at 473–79). The trial court in each instance found that the guilty plea was voluntary and accepted it. (ECF 21-6 at 372; ECF 21-8 at 480). Petitioner was sentenced to a term of imprisonment of twenty years as to the felon with a firearm case, (ECF 21-6 at 399), and a term of imprisonment of twenty-five years as to the drug offense, (ECF 21-8 at 530), to run concurrently. (*Id.*). Petitioner did not appeal, having waived his right to do so. (ECF 21-6 at 371; ECF 21-8 at 479).

Petitioner's application for writ of habeas corpus in each case was denied without written order. (ECF 21-3; ECF 21-7). After the Court granted a stay, (ECF 22), Petitioner returned to state court to exhaust one of the claims asserted in his federal court petition. Those applications were dismissed without written order as subsequent. (ECF 25 at 559; ECF 33-9; ECF 33-11).

## II. PETITIONER'S ALLEGATIONS

Petitioner urges three grounds in support of his petition, worded as follows:

**GROUND ONE:** Illegal search & seizure

**GROUND TWO:** Ineffective Assistance of Counsel

(ECF 3 at 9).

**GROUND THREE:** INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL (Failure to Investigate) 6th & 14th U.S. Const. Amend. right violation

(ECF 30).

## III. STANDARD OF REVIEW AND RULE 5 STATEMENT

Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002)(*en banc per curiam*)(focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

     "When, as here, there is no reasoned state-court decision on the merits, the federal court

3

'must determine what arguments or theories . . . *could* have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.'" *Sexton v. Beaudreaux*, __ U.S. __, 138 S. Ct. 2555, 2558 (2018)(quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)) (emphasis added). If such a disagreement among jurists is possible, then the petitioner's claim must be denied. *Id.*

Whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining its reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing that there was *no reasonable basis* for the state court to deny relief." *Id.* (emphasis added). This is so whether or not the state court decision reveals which of the elements (in a multi-part claim) it found insufficient. *Id.* Section 2254(d) applies when a "claim," not a component of one, has been adjudicated. *Id.*

Even where the state court does not cite applicable Supreme Court precedent or is unaware of the precedent, deference is required so long as neither the reasoning nor the result of the state court decision contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002)(*per curiam*). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102. The standard was meant to be difficult to meet:

§ 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.* at 102–03 (citations omitted).

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

<u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where, as here with regard to the original state habeas proceedings, the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the

5

*Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013)(quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Rule 5 Statement

Respondent acknowledges that Petitioner has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1); (ECF 32 at 582).

## IV. **MERITS**

Defaulted Ground

Respondent contends that Petitioner's third ground, the one that he returned to state court to exhaust, is procedurally barred. The Court agrees. Federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously bases its denial of relief on a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).

Under Texas law, claims presented in a subsequent habeas application will be dismissed under the abuse of the writ doctrine, Tex. Code Crim. Proc. Ann. art 11.07, § 4. The bar has been consistently applied and is an independent and adequate state ground for the purpose of imposing a procedural bar. *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008). A dismissal of a Texas habeas petition as an abuse of the writ should create a procedural bar under the *Coleman* standard. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Because Petitioner's third ground was

dismissed as procedurally barred in each instance, (ECF 33-9; ECF 33-11), he should not be allowed to proceed here with that ground.

A petitioner may obtain federal review of a defaulted claim by showing cause for the default and actual prejudice as a result of the alleged violation of federal law, or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. *See Trevino v. Thaler*, 569 U.S. 413, 421 (2013). "Cause" must be something external to the petitioner that cannot be fairly attributed to him. *McCowin v.* Scott, 67 F.3d 100, 102 (5th Cir. 1995). Proceeding *pro se* is not cause. *Id.* A "fundamental miscarriage of justice" means that the petitioner is actually innocent of the crime of which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992)(actual, not legal, innocence is required).

Here, Petitioner cannot show cause because the state court records reflect that he could and should have raised this claim as part of his original state habeas proceedings. *See, e.g.*, ECF 21-6 at 339–40; ECF 21-8 at 462–63, 469–70 (Petitioner believed all along that the search warrant was not signed until after the search).[3]  The third ground is but a shade or nuance of arguments he previously made. He alludes to lack of counsel as being cause, (ECF 36 at 1368), but *Trevino* does not stand for the proposition that a petitioner who did not have counsel in the first instance can repeatedly file additional applications for relief. 569 U.S. 413. As for fundamental miscarriage of justice, there is no contention that petitioner is actually innocent of either charge.

Original Grounds

In his first ground, Petitioner challenges the illegal search of his home and seizure of items from it. But, Fourth Amendment claims are barred from federal habeas review if the petitioner had a full and fair opportunity to present them in state court. *Stone v. Powell*, 428 U.S. 465 (1976).

---

[3] Thus, Petitioner's contention that "fraud prevented [him] from discovering and utilizing any procedure to litigate the Fourth Amendment claim prior to habeas," (ECF 36 at 1373), is belied by the record.

Because Petitioner had the opportunity to litigate his search and seizure claims in state court, he cannot pursue them here. *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). *See* ECF 21-4 at 248 (noting that Petitioner had filed a *pro se* motion to suppress and that once the plea offer had been accepted there was no reason to pursue the motion).

Another reason that this ground and the second ground (alleging ineffective assistance of counsel based on the failure to pursue the motion to suppress) cannot be pursued is that Petitioner's plea was knowing, voluntary, and intelligent. The written plea admonishments for the felon with a firearm charge signed by Petitioner gave notice that, if convicted, he faced imprisonment for any term of not more than twenty years or less than two years. (ECF 21-6 at 366). The written plea admonishments for the drug count signed by Petitioner gave notice that, if convicted, he faced imprisonment for a term of "life, or any term of not more than 99 years or less than 25 years." (ECF 21-8 at 474). Under the heading ""DEFENDANT'S STATEMENT ON ADMONISHMENTS," in each case, Petitioner acknowledged that he understood the admonishments and was aware of the consequences of his plea; that he was then mentally competent to stand trial and that he was sane at the time of the commission of the offense to which he pleaded guilty; that no one promised him anything to cause him to enter into the plea; and that his plea was freely, knowingly, and voluntarily entered. (ECF 21-6 at 368; ECF 21-8 at 473). Petitioner also signed judicial confessions stating that he had read the indictment in each case and that he had committed the crime charged. (ECF 21-6 at 371; ECF 21-8 at 479). The presiding judge determined that Petitioner's pleas were freely, knowingly, and voluntarily entered and approved the waivers and accepted the pleas. (ECF 21-6 at 372; ECF 21-8 at 480).

Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The documents he signed and other documents in

the state court records are likewise entitled to the presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). Here, there can be no question that Petitioner's pleas were entered voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). He clearly understood the nature and substance of the charges against him and that he faced a term of imprisonment of at least 25 years and perhaps life. He was not coerced into pleading guilty. His conclusory allegations to the contrary are insufficient to overcome the presumption. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1251 (5th Cir. 1986). He has waived the claims he seeks to present here. *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973); *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

## V. <u>RECOMMENDATION</u>

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus filed by Petitioner, David Curtis Barclay, be DENIED.

## VI. <u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 21, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).